IN THE OREGON TAX COURT
REGULAR DIVISION
Corporation Excise Tax

| | | |
|---|---|---|
| ORACLE CORPORATION AND SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) | TC 5340 |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, STATE OF OREGON | ) ) ) | |
| Defendant. | ) | ORDER GRANTING RECONSIDERATION |

The court's Order on Partial Summary Judgment dated December 16, 2020, denied each party's motion for partial summary judgment. Taxpayer's[1] motion asked the court to determine that ORS 317.267(3) requires the Dividends and Subpart F Income to be included in the sales factor of the apportionment formula. The court denied Taxpayer's motion, and neither party has asked the court to reconsider that conclusion.

The Department's motion asked the court to determine that ORS 314.665(6)(a) requires Taxpayer to exclude the Dividends and Subpart F Income from the sales factor. The order reached two conclusions on the Department's motion. First, the order concluded that "ORS 314.665(6)(a) does not apply to the unsubtracted portion of Taxpayer's Subpart F Income

---

[1] This order uses defined terms, abbreviations, and editions of relevant statutes as specified in the Order on Partial Summary Judgment (on Reconsideration) of even date herewith.

because there are no 'gross receipts' that constitute or match to Taxpayer's Subpart F Income * * *." *Oracle Corporation and Subsidiaries v. Dept. of Rev.*, ___ OTR___ (Dec 16, 2020) (slip op at 34). The court refers to this issue as the "Gross Receipts Issue." Both parties seek reconsideration of the Gross Receipts Issue. Second, the order determined that "a genuine issue of material fact exists regarding whether the Dividends arose from Taxpayer's 'holding' of the CFC stock and if so, whether under ORS 314.665(6)(a) the Dividends were derived from Taxpayer's primary business activity." (*Id.*) The court refers to this issue as the "[Holding] Issue." The Department seeks reconsideration of the Holding Issue; Taxpayer resists reconsideration of that issue.

As to the Gross Receipts Issue, the court is persuaded by the authorities cited in the parties' briefing on reconsideration, and other authorities, that the conclusion in the December 16, 2020 order is incorrect. The court will grant reconsideration as to the Gross Receipts Issue and will include further analysis in a new Order on Partial Summary Judgment (on Reconsideration), as well as the conclusion that the Subpart F Income is within the definition of "sales" under ORS 314.610(7).

As to the Holding Issue, the court will grant the Department's motion for reconsideration and modify its order to conclude that the Dividends and Subpart F Income were excluded from "sales" as arising from the holding of the CFC stock, but that they may be reincluded in "sales" if derived from an activity that constitutes the principal business activity of the payor CFC and the principal business activity of Taxpayer.

For clarity, the text of the December 16, 2020, order is replaced in its entirety with the text shown in the Order on Partial Summary Judgment (on Reconsideration). Now, therefore,

IT IS ORDERED that Defendant's Motion for Reconsideration is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration Concerning Definition of Gross Receipts for Sales Factor Purposes is granted.

Dated this 6th day of October, 2021.

Signed: 10/6/2021 12:29 PM

_____

**Judge Robert T. Manicke**